NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| AKIL ASIM BEY, | Civil Action No. 13-1399 (SRC) |
| Plaintiff, | |
| | OPINION & ORDER |
| v. | |
| PORT AUTHORITY POLICE OF NEW YORK & NEW JERSEY, | |
| Defendant. | |

**CHESLER**, District Judge

This motion comes before the Court on two motions: 1) the motion for default judgment by Plaintiff Akil Asim Bey; and 2) the motion to dismiss the Complaint, pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), for lack of subject matter jurisdiction and failure to state a valid claim for relief, by Defendant Port Authority of New York and New Jersey ("PANYNJ"). For the reasons stated below, both motions will be denied.

This case arises from the alleged impoundment of a vehicle by PANYNJ employees. The *pro se* Plaintiff contends that he is the authorized agent of the vehicle's owner and seeks the vehicle's return. Defendant had failed to respond to the Complaint, which was served on May 1, 2013, and Plaintiff filed a request for entry of default and a motion for default judgment on May 31, 2013. PANYNJ filed this motion to dismiss on June 17, 2013 in lieu of filing an answer.

Because Defendant PANYNJ has now responded to the Complaint, Plaintiff's motion for default judgment will be denied as moot.

In moving for dismissal, PANYNJ first argues that the Complaint should be dismissed

because this Court lacks subject matter jurisdiction over this case. The PANYNJ subsequently withdrew its argument that Plaintiff had failed to file the notice of claim required by N.J.S.A. § 32:1-163. Defendant contends that the Complaint fails to assert any claims giving rise to either diversity or federal question jurisdiction, but overlooks that Plaintiff has expressly asserted a claim for a seizure of property in violation of the Fourth and Fifth Amendments to the Constitution. The Complaint alleges sufficient facts to state a claim for a seizure of property in violation of 42 U.S.C. § 1983. See, e.g., Stasko v. Leb. County Drug Task Force, 2012 U.S. Dist. LEXIS 177916 (M.D. Pa. Dec. 17, 2012) (construing complaint to state a claim for illegal seizure of vehicle, in violation of the Fourth and Fourteenth Amendments, pursuant to § 1983). This Court has subject matter jurisdiction to hear this case based on a federal question.

PANYNJ also contends that the Complaint fails to state any valid claim for relief because the claims are precluded by *res judicata* and collateral estoppel. This argument cannot succeed. Federal Rule of Civil Procedure 8(c) lists "res judicata" as an affirmative defense. "[A] complaint may be subject to dismissal under Rule 12(b)(6) when an affirmative defense . . . appears on its face." ALA, Inc. v. CCAIR, Inc., 29 F.3d 855, 859 (3d Cir. 1994). The Complaint says nothing about any other litigation. This Court has no basis to find that the affirmative defense of "res judicata" appears on the face of the Complaint. This argument is more properly asserted on a motion for summary judgment.

Defendant has failed to demonstrate that this Court lacks subject matter jurisdiction over this case or that the Complaint fails to state any valid claim for relief. The motion to dismiss will be denied.

For these reasons,

**IT IS** on this 29th day of August, 2013, hereby

**ORDERED** that Plaintiff's motion for default judgment (Docket Entry No. 12) is **DENIED** as moot; and it is further

**ORDERED** that Defendant's motion to dismiss the Complaint (Docket Entry No. 16) is **DENIED**.

                                             s/ Stanley R. Chesler
                                           Stanley R. Chesler, U.S.D.J