<u>NOT FOR PUBLICATION</u>

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| AKIL ASIM BEY, | : | Civil Action No. 13-1399 (SRC) |
| Plaintiff, | : | |
| | : | OPINION |
| v. | : | |
| PORT AUTHORITY POLICE OF NEW YORK & NEW JERSEY, | : | |
| Defendant. | : | |

<u>**CHESLER**</u>, District Judge

     This motion comes before the Court on the motion for summary judgment, pursuant to Federal Rule of Civil Procedure 56, by Defendant Port Authority of New York and New Jersey ("PANYNJ"). For the reasons stated below, the motion will be granted.

     This case arises from the alleged impoundment of a vehicle by PANYNJ employees. The two-page Complaint seeks a writ of replevin, to return the vehicle. PANYNJ has moved for summary judgment on several grounds, but this Court need only reach the entire controversy doctrine argument, which succeeds.

     PANYNJ contends that this action is barred by New Jersey's entire controversy doctrine. The fundamental principle of New Jersey's entire controversy doctrine, codified in Rule 4:30A of the New Jersey Rules of Civil Procedure, is that "the adjudication of a legal controversy should occur in one litigation in only one court." <u>Joel v. Morrocco</u>, 147 N.J. 546, 548 (1997). Rule 4:30A states:

     Non-joinder of claims required to be joined by the entire controversy doctrine

> shall result in the preclusion of the omitted claims to the extent required by the entire controversy doctrine, except as otherwise provided by R. 4:64-5 (foreclosure actions) and R. 4:67-4(a) (leave required for counterclaims or cross-claims in summary actions).
>
> The entire controversy doctrine serves three fundamental purposes: (1) the need for complete and final disposition through the avoidance of piecemeal decisions; (2) fairness to parties to the action and those with a material interest in the action; and (3) efficiency and the avoidance of waste and the reduction of delay.

Ditrolio v. Antiles, 142 N.J. 253, 267 (1995).  It is meant to constrain a plaintiff from "withhold[ing] part of a controversy for separate litigation even when the withheld component is a separate and independently cognizable cause of action."  Paramount Aviation Corp. v. Agusta, 178 F.3d 132, 137 (3d Cir. 1999).  The doctrine "requires parties to a controversy before a court to assert all claims known to them that stem from the same transactional facts."  Joel, 147 N.J. at 548.  In Ditrolio, the New Jersey Supreme Court set forth the fundamental principles of the entire controversy analysis:

> In determining whether successive claims constitute one controversy for purposes of the doctrine, the central consideration is whether the claims against the different parties arise from related facts or the same transaction or series of transactions.  It is the core set of facts that provides the link between distinct claims against the same or different parties and triggers the requirement that they be determined in one proceeding.  One measure of whether distinct claims are part of an entire controversy is whether parties have a significant interest in the disposition of a particular claim, one that may materially affect or be materially affected by the disposition of that claim.  The test for whether claims are "related" such that they must be brought in a single action under New Jersey entire controversy doctrine was expressed in *O'Shea v. Amoco Oil Co.*, 886 F.2d 584 (3d Cir. 1989), as follows: if parties or persons will, after final judgment is entered, be likely to have to engage in additional litigation to conclusively dispose of their respective bundles of rights and liabilities that derive from a single transaction or related series of transactions, the omitted components of the dispute or controversy must be regarded as constituting an element of one mandatory unit of litigation.

Ditrolio, 142 N.J. at 267-268 (citations omitted).

      PANYNJ argues that, on December 17, 2012, Plaintiff filed an action for replevin with the Superior Court of New Jersey, Special Civil Part for Hudson County. (Def.'s 56.1 Stmt. ¶ 4.) On February 1, 2013, Judge Lawrence Maron held oral argument on Plaintiff's action and dismissed it with prejudice. (Def.'s 56.1 Stmt. ¶ 6.) Plaintiff did not appeal this judgment. (Def.'s 56.1 Stmt. ¶ 8.) PANYNJ contends that, in the instant case, Plaintiff seeks to relitigate a claim which has already been litigated and resolved in a final judgment on the merits.

      Plaintiff filed opposition to the motion for summary judgment, but did not address the entire controversy argument. Plaintiff stated that he disputes the factual assertions made in the L. Civ. R. 56.1 statement filed by PANYNJ, but gave no explanation or support. Rule 56 does not allow argument alone to raise a factual dispute sufficient to defeat a motion for summary judgment:

> A party asserting that a fact cannot be or is genuinely disputed must support the assertion by:
>    (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials. . .

Federal Rule of Civil Procedure 56(c)(1). Plaintiff has not cited to materials in the record to support his unexplained statement that he disputes Defendant's factual assertions. As such, he has failed to raise any genuine factual dispute that might defeat the motion for summary judgment.

      Nor has Plaintiff made any argument that challenges Defendant's application of the entire controversy doctrine. This Court concludes that Defendants are correct and that the replevin

claim in the present case is identical to the replevin claim previously adjudicated by the Superior Court of New Jersey.  The entire controversy doctrine bars Plaintiff from litigating this claim in a second action, and this case is barred.

Plaintiff's arguments in opposition to the motion largely raise issues about whether his constitutional rights were violated by the state court.  Those are arguments that Plaintiff might have raised on appeal of the state court's judgment, had he appealed the judgment.  Having failed to appeal the state court judgment, Plaintiff may not litigate these claims in a successive action.  These constitutional claims arise from the same transaction on which the prior action was based, the impoundment of Plaintiff's vehicle.  The entire controversy doctrine bars a successive action based on the same transaction.

Defendant has shown that there is no genuine dispute as to any material fact and that it is entitled to judgment as a matter of law.  Defendant's motion for summary judgment will be granted, and Judgment will be entered in Defendant's favor on the Complaint in its entirety.

                                               s/ Stanley R. Chesler
                                            Stanley R. Chesler, U.S.D.J

Dated: August 19, 2014